**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE | § | CASE NO. 17-10327 |
| | § | |
| **EAST WEST COPOLYMER, LLC,** | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | Hon. Douglas D. Dodd |

**MOTION FOR APPROVAL OF COMPROMISE**

East West Copolymer, LLC ("Debtor") respectfully submits this Motion for Approval of Compromise Pursuant to Bankruptcy Rule 9019, as follows:

### I.     INTRODUCTION AND OVERVIEW

1.     On April 7, 2017 (the "Petition Date"), Debtor filed its voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. Debtor continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in this proceeding.

2.     The Court appointed the Committee on May 4, 2017 [Doc. 141], and approved Committee counsel effective *nunc pro tunc* as of May 10, 2017 [Doc. 168].

3.     Prior to 2014, Lion Copolymer Holdings, LLC ("Lion") had a wholly owned subsidiary known as Lion Copolymer, LLC that owned the Debtor's facility. In 2014, Lion sold all of its equity interests in Lion Copolymer, LLC, and Lion Copolymer, LLC subsequently changed its name to East West Copolymer, LLC (the Debtor herein).  In conjunction with this transaction, East West Copolymer, LLC (the Debtor herein) gave Lion a promissory note (the "East West Note") which was secured by, among other things, a mortgage on its Baton Rouge facility and equipment (the "East West Mortgage"). Subsequently, Lion subordinated its claims under the East West Note and East West Mortgage to Main Street Capital Corporation ("Main

Street") per an inter-creditor agreement. Such inter-creditor agreement places certain restrictions upon Lion with regard to its dealings with the Debtor.

4. The Debtor currently owes more than $5 million on the East West Note and Lion, as then holder of the East West Note, filed a proof of claim to that effect on May 16, 2017 (the "Lion Claim"). [Proof of Claim # 21].

5. The Debtor filed a series of pleadings to effectuate a sale of its assets [Doc. 15, 110, 134, 151]. An auction was held on May 8, 2017, pursuant to the Court's Bid Procedures Order [Doc. 108, 138]. At such auction, Lion was the highest bidder, and the Debtor reported such to the Court on May 10, 2017 [Doc. 147].

6. The Committee objected to a sale to Lion [Doc. 164]. The hearing on the Debtor's Motion to Approve Sale took place May 19, 2017. During the hearing, the parties negotiated, reached an agreement (the "Compromise"), and announced the Compromise to the Court, as follows:

- The Committee agreed to withdraw its objection to the sale to Lion;

- Lion agreed to transfer the Lion Claim and the inter-creditor agreement, and all rights thereunder, in full to Main Street;

- Main Street agreed to subordinate the unsecured portion of the Lion Claim, if any, in full to the claims of general unsecured creditors; and

- The Debtor, on behalf of the Estate and the Committee agreed to release Lion and its affiliates from all potential claims, and waive and release any claims, offsets, setoffs, recoupments or any other type of claim or challenge to the Lion Claim.

7. After the announcement in open court of the terms of the Compromise stated above, the Court entered an order approving the sale on May 22, 2017 [Doc. 178].

## II. REQUEST FOR RELIEF

8. Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 9019, the Debtor requests that the Court approve the Compromise.

9. Federal Rule of Bankruptcy Procedure 9019(a) provides that "on motion by a trustee and after notice and a hearing, the court may approve a compromise or settlement." The decision whether or not to approve a particular settlement lies within the discretion of the Bankruptcy Court. *Am. Can Co. v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 605, 607 (5th Cir. 1980). "A proposed settlement must be 'fair and equitable' and in the best interests of the estate." *The Cadle Co. v. Moore (In re Moore)*, 608 F.3d 253, 263 (5th Cir. 2010) (citing *Jackson Brewing*, 624 F.2d at 608). Courts should consider the following factors in determining whether a settlement is fair and equitable:

> (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, including the difficulties, if any, to be encountered in the matter of collection; (3) the paramount interest of the creditors and a proper deference to their respective views; (4) the extent to which the settlement is truly the product of arm's-length bargaining and not fraud or collusion; and (5) all other factors bearing on the wisdom of the compromise.

*Id*.

10. The Debtor has evaluated the potential rights of the bankruptcy estate and its respective interests with respect to the Compromise and believe the Compromise meets the applicable standards set forth by the Fifth Circuit in *Moore* and *Jackson Brewing*.

- No claims against (i) Lion or its affiliates, and/or (ii) claims, setoffs, offsets, recoupments or any other type of claim or challenge against the Lion Claim, are known at this time.
    - Lion last had a representative on Debtor's board in 2014 – so limitations would have run on any claims related to such.
    - No transfers to Lion in the past two years are known or suspected.
- The benefit of the compromise to the estate outweighs any loss of a claim due to the release of Lion.
    - A timely sale was crucial to the estate.
        - A delay might have occasioned catastrophic losses.

3

- Lion was the high bidder.

o Debtor anticipates a plan wherein the chapter 5 causes of action inure to the benefit of the Unsecured Creditors.

- The subordination of the unsecured deficiency balance of the Lion Claim frees up a large possible resulting unsecured claim, and potentially increases the percentage return to the unsecured creditors.

### III. CONCLUSION

11. Accordingly, the Debtor posits that, under the facts and circumstances outlined above, and based upon the foregoing factors, the proposed Compromise meets or exceeds the standards of *Moore* and *Jackson Brewing* and request approval of the relief requested herein and entry of an Order granting same.

Respectfully Submitted,

**STEWART ROBBINS & BROWN, LLC**
620 Florida Street, Suite 100
P. O. Box 2348
Baton Rouge, LA 70821-2348
(225) 231-9998 Phone
(225) 709-9467 Fax

By: /s/ Paul Douglas Stewart, Jr.
Paul Douglas Stewart, Jr. (La. #24661)
dstewart@stewartrobbins.com
William S. Robbins (La. #24627)
wrobbins@stewartrobbins.com
Brandon A. Brown (La #24627)
bbrown@stewartrobbins.com

*Attorneys for East West Copolymer LLC*

4