UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF LOUISIANA

In re:

EAST WEST COPOLYMER, LLC            CHAPTER 11

    DEBTOR                               CASE NO. 17-10327

**RULE 9019 MOTION TO APPROVE SETTLEMENT AND COMPROMISE**

NOW INTO COURT, through undersigned counsel, comes Dwayne M. Murray, the court-appointed liquidating trustee for the East West Copolymer, LLC Liquidating Trust ("Trustee"), who respectfully files this motion to approve a settlement and compromise ("Motion") pursuant to Bankruptcy Rule 9019 and represents as follows:

1.

On April 7, 2017, East West Copolymer, LLC filed a voluntary petition with the United States Bankruptcy Court for the Middle District of Louisiana (the "Bankruptcy Court").

2.

On or about November 29, 2017 (the "Confirmation Date"), the Bankruptcy Court entered an order confirming the Chapter 11 Plan of Liquidation Proposed by the Debtor and the Official Committee of Unsecured Creditors (the "Plan"). The Plan became effective on December 14, 2017 ("Effective Date").

3.

The confirmation order, among other things, appointed the Trustee and authorized the transfer of all causes of action retained by the Debtor's estate (the "Retained Causes of Action"), including the collection of receivables owed to the estate, to the Liquidating Trust.

4.

Main Street Capital's ("MSC") priming security interest in accounts receivable of the Debtor was recognized by the confirmed Plan. After the Effective Date, the Trustee and MSC reached an agreement concerning the collection of accounts receivable for the mutual benefit of MSC and the Trust, including but not limited to any such receivables owed by related companies Continental Tire North America ("CT") and Veyance Technologies, Inc. ("Veyance").

5.

The Debtor's books and records indicate that CT and Veyance owe the Debtor a combined $259,614.98 as of the Petition Date (the "Receivable").

6.

The Trustee has also been tasked, consistent with the Bankruptcy Court-approved Plan, to object to proofs of claim on behalf of the Liquidating Trust.

7.

The Plan established a deadline for the Trustee to file objections to claims of fifty-six days following the Effective Date, or specifically, February 8, 2018.

8.

The Trustee, CT and Veyance commenced settlement negotiations and consistent with those efforts jointly sought an extension of the original deadline to object to claims, which was granted.

9.

The Trustee has reached an agreement with CT and Veyance, subject to court approval, that he believes, in his business judgment, is in the best interest of the estate. Upon information and belief, Main Street Capital will not oppose approval of this settlement.[1]

10.

Specifically, Veyance agrees to an order pursuant to this Motion deeming its proof of claim in the amount of $426,659.00 withdrawn as duplicative (Claim No. 132) and CT agrees to an order pursuant to this Motion deeming its unsecured proof of claim in the amount of $426,659.00 (Claim No. 131) allowed as a general unsecured claim in the reduced amount of $150,128.02 This settlement recognizes CT's ability to recoup the amount of its cover damages associated with the debtor's alleged failure to fulfull purchase orders against the alleged Receivable. In other words, the full value of the Receivable is being utilized to lower the allowed unsecured claim of CT. With approval of the settlement, the two claims referenced above shall be deemed amended in conformity with the settlement and without the need for further action by CT or Veyance.

---

[1] Main Street Capital has indicated through emails between counsel that it is not opposed to the settlment but preferred not to be a signatory on the agreement.

3

1909736v.1

11.

By this Motion, the Trustee requests that the Bankruptcy Court approve the terms of the agreement reached by and between the Trustee, CT and Veyance. A copy of the agreement is attached hereto as Exhibit 1.

12.

Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In ruling on a motion pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable and in the best interests of the estate. *See, Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see also In re Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (3rd Cir. 1979); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997); *In re Resorts Int'l Inc.*, 145 B.R. 412, 451 (Bankr. D.N.J. 1990).

13.

In determining the reasonableness of a proposed settlement, a court must consider all factors bearing on the fairness of the proposed settlement, including:

    A.    the probability of success in the litigation;

    B.    the extent to which the settlement is truly the product of arms' length negotiations and not the product of fraud or collusion;

    C.    the complexity and likely duration of the litigation and the expense, inconvenience and delay necessarily attending it; and

D. the interests of creditors and stockholders and a proper deference to their reasonable views of the settlement.

*See TMT Trailer Ferry*, 390 U.S. at 424; *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980); *In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996); *In re Ashford Hotels, Ltd.*, 226 B.R. 797, 804 (Bankr. S.D.N.Y. 1998). *See also In re Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (2d Cir. 1979). Consideration of these factors requires the Court to make an objective, informed comparison of the results of continued litigation versus the benefits of compromise. *TMT Trailer Ferry*, 390 U.S. at 424.

14.

In the instant case, the following factors weigh in favor of the approving the settlement:

(1) Without this settlement, the Trustee is reasonably confident that he would ultimately prevail in establishing the amount owed on the Receivable. However, the Trustee is not confident that he could prevail in preventing CT from utilizing recoupment concepts to reduce to zero the amount owed on the Receivable. This settelement avoids the inevitable cost in legal fees and expenses, where even victory would likely only result in a lower unsecured proof of claim for CT. Since there are approximately $30 million in allowed unsecured claims already, the economics of the settlement are overwhelmingly more attractive than pursuing contested litigation;

(2) There is no suggestion that this agreement is anything other than a bargain negotiated in good faith by arms-length parties;

(3) While the litigation would not be particularly complex, expert witnesses may be required to prove the extent of cover damages and the added expense and delay would not be in the best interests of creditors; and

(4) The Trustee does not anticipate any opposition from creditors, including Main Street Capital, who has a recognized security interest in the Receivable.

15.

Courts that have considered compromises and settlements make clear that, in evaluating a proposed settlement, a bankruptcy judge need not hold a "mini-trial" on the claims involved. *In re Allegheny Int'l Inc.*, 118 B.R. 282, 310 (Bankr. W.D. Pa. 1990); *see also Official Unsecured Creditors' Comm. of Pa. Truck Lines, Inc. v. Pennsylvania Truck Lines, Inc. (In re Pennsylvania Truck Lines, Inc.)*, 150 B.R. 595, 602 (E.D. Pa. 1992) (refusing to conduct mini-trial of claims in order to determine whether settlement should be approved), *aff'd*, 8 F.3d 812 (3d Cir. 1993). All that the proponent of the settlement must do is "establish [that] it is prudent to eliminate the risks of litigation to achieve specific certainty though admittedly [the settlement] might be considerably less (or more) than were the case fought to the bitter end." *Florida Trailer & Equip. Co. v. Deal*, 284 F.2d 567, 573 (5th Cir. 1960) (citation omitted); *see also United States v. Alaska Nat'l Bank of the N. (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982) (bankruptcy court need not conduct "exhaustive investigation into the validity of the asserted claim") (citations omitted).

16.

For the avoidance of doubt, the settling parties intend to bind MSC to this settlement should it fail to timely oppose this Motion and the relief sought herein is granted.

17.

In the case at bar, the settlement efficiently puts an end to what otherwise could result in delay, added administrative cost and perhaps even a less attractive ultimate result for the Trust. This is precisely the type of specific certainty and avoidance of risk courts look for in justifying approval of settlements.

WHEREFORE, Dwayne M. Murray, in his capacity as the court-appointed liquidating trustee, respectfully requests entry of an order (a) approving this Rule 9019 Motion for Authority to Compromise and Settle and (b) authorizing the Trustee to sign all documents necessary to effectuate this settlement, including but not limited to the agreement attached hereto as Exhibit 1.

By Attorneys:

TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.

/s/ Michael A. Crawford
Michael A. Crawford (Bar Roll #22315)
8th Floor, Chase Tower South
451 Florida Street
Baton Rouge, LA 70801
Telephone: 225/387-3221
Fax: 225-346-8049
*Counsel for Dwayne M. Murray, Liquidating Trustee*