## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (this "Agreement") is entered into as of the latest execution date contained at the end of this Agreement, by and between Dwayne M. Murray (the "Trustee"), as Liquidating Trustee for the East West Copolymer, LLC Liquidating Trust (the "Liquidating Trust") Continental Tire the Americas, f/k/a Continental Tire North America ("CT") and Veyance Technologies, Inc., n/k/a /ContiTech USA, Inc ("Veyance"). (collectively the "Parties"). The Parties agree as follows:

WHEREAS, on April 7, 2017, East West Copolymer, LLC filed a voluntary petition with the United States Bankruptcy Court for the Middle District of Louisiana (the "Bankruptcy Court").

WHEREAS, on or about November 29, 2017 (the "Confirmation Date"), the Bankruptcy Court entered an order confirming the Chapter 11 Plan of Liquidation Proposed by the Debtor and the Official Committee of Unsecured Creditors (the "Plan"). The Plan became effective on December 14, 2017 ("Effective Date").

WHEREAS, CT and Veyance each timely filed proofs of claim in the identical amounts of $426,659.00 (Claim Nos. 131 and 132). Based on the attachments thereto, the claims were based on claimed cover damages in connection with the Debtor's alleged failure to provide goods pursuant to purchase orders and the corresponding higher prices associated with finding alternative product on the open market. The claims also reserved rights to supplement the amounts actually owed and further acknowledged the possibility that the claims were subject to setoff rights in favor of the Debtor.

WHEREAS, the confirmation order, among other things, appointed the Trustee and authorized the transfer of all causes of action retained by the Debtor's estate (the "Retained Causes of Action") to the Liquidating Trust.

WHEREAS, Main Street Capital's ("MSC") priming security interest in accounts receivable of the Debtor was recognized by the confirmed Plan.

WHEREAS, the Trustee and MSC reached an agreement concerning the collection of accounts receivable for the mutual benefit of MSC and the Trust, including but not limited to any such receivables owed by CT and Veyance.

WHEREAS, the Debtor's books and records indicate that CT and Veyance owe the Debtor a combined $259,614.98 as of the Petition Date (the "Receivable").

WHEREAS, the Trustee has also been tasked, consistent with the Bankruptcy Court approved Plan, to object to proofs of claim on behalf of the Liquidating Trust.

WHEREAS, the Plan established a deadline for the Trustee to file objections to claims of fifty-six days following the Effective Date, or specifically, February 8, 2018.

1909556v.1



WHEREAS, the Trustee, CT and Veyance commenced settlement negotiations and consistent with those efforts jointly sought an extension of the original deadline to object to claims, which was granted.

WHEREAS, the Parties now desire to resolve their disputes concerning the proof of claim and the alleged Receivable balances owed and have agreed to fully settle and compromise all matters between them.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1. **Recitals**. The foregoing recitals are true and correct and are adopted by the Parties.

2. **Withdrawal and Amendment of Claims**. Veyance agrees to entry of an order deeming its Claim No. 132 withdrawn in its entirety as duplicative of Claim No. 131. In the event the order approving this settlement does not permit the amendment without further action, this may be accomplished by Veyance by filing an amended claim for the amount of $0.00. CT agrees to entry of an order deeming its Claim No. 131 amended to reflect an unsecuredclaim in the amount of $150,128.02, which amount accounts for a full setoff of the $259,614.98 Receivable claim against it. In the event the order approving this settlement does not permit the amendment without further action, this may be accomplished by CT by filing an amended claim. In exchange, the Trustee agrees not to object to the amended claims. Although MSC has indicated its agreement not to pursue any receivable claim against CT and Veyance, it is not a party to this Agreement. Accordingly, the Trustee will file a motion pursuant to Bankruptcy Rule 9019 to approve the settlement, with an express statement therein that failure to object to the settlement shall be deemed a forfeiture of any right to collect on the alleged receivable balances.

3. **Release by the Trustee**. For good and valuable consideration, the sufficiency of which is acknowledged, the Trustee and its legal representatives and assigns, and anyone claiming by, through, or under any of them or any combination of them (collectively, the "Trustee Releasors"), hereby irrevocably and unconditionally releases and forever discharges CT and Veyance, its predecessors, successors, assigns, and each of its past and present officers, directors, agents, servants, representatives and counsel, in their capacity as such, from any and all actions, causes of action, claims, suits, accounts, covenants, debts, demands, agreements, damages, liabilities, or obligations whatsoever of every name and nature, whether at law or in equity, whether in contract or tort or by statute or on any other basis, known or unknown, suspected or unsuspected, which the Trustee Releasors or their respective predecessors, successors or assigns now has, ever had or may hereafter have, arising out of, in connection with, or relating to the demand for payment of the alleged Receivable balance due or the bankruptcy

1909556v.1

proceedings of the Debtor. Nothing herein, however, shall prevent any Party hereto from enforcing the terms of this Agreement.

4. **Release by CT and Veyance**. For good and valuable consideration, the sufficiency of which is acknowledged, CT and Veyance, and each of its respective legal representatives and assigns, and anyone claiming by, through, or under any of them or any combination of them (collectively, the "CT Releasors"), hereby irrevocably and unconditionally releases and forever discharges: (i) the Trustee, its successors, assigns, and each of its officers, directors, agents, servants, representatives and counsel, in their capacity as such; (ii) and (ii) the Debtors, their predecessors, successors, assigns, and each of their past and present officers, directors, agents, servants, representatives and counsel, in their capacity as such, from any and all actions, causes of action, claims, suits, accounts, covenants, debts, demands, agreements, damages, liabilities, or obligations whatsoever of every name and nature, whether at law or in equity, whether in contract or tort or by statute or on any other basis, known or unknown, suspected or unsuspected, which the CT Releasors or their respective predecessors, successors or assigns now has, ever had or may hereafter have, arising out of, in connection with, or relating to the alleged Receivable balance owed or the bankruptcy proceedings of the Debtor, EXCEPT the amended Claim No. 131 shall survive. Nothing herein, however, shall prevent any Party hereto from enforcing the terms of this Agreement.

5. **Compromise of Claims**. It is understood and agreed that this is a compromise of disputed claims and that the consideration transferred herein is to compromise disputed claims, to avoid litigation, and to buy peace, and that nothing contained herein shall be construed as an admission of liability by, or on behalf of, any Parties to this Agreement, any and all such liability being expressly denied.

6. **Representations and Warranties**. The Parties warrant and represent:

    a. that each party has the full right and authority to enter into this Agreement and that each party signing this Agreement is authorized to do so;

    b. that they are the current legal and beneficial owners of all claims, liabilities, and/or causes of action released by virtue of this Agreement;

    c. that they fully investigated all facts surrounding the disputes identified herein to their full satisfaction;

    d. that they have read and understood all aspects of this Agreement, and of its effects; and

    e. that they will have executed this Agreement as a free and voluntary act of their own free will without any threat, force, fraud, duress, or coercion of any kind.

1909556v.1

7. **Confidentiality of Agreement**. Except insofar as court approval requires attaching this Agreement as an exhibit to a motion or as otherwise required by law or agreed to in this Agreement, each party covenants and agrees not to disclose to third parties the terms of this Settlement Agreement.

8. **Miscellaneous**.

   a. Binding Effect and Benefit. This Agreement shall inure to the benefit of, and shall be binding upon, the Parties and their respective heirs, executors, administrators, personal representatives, successors and assigns.

   b. Modification. No provision contained herein may be modified, amended or waived except by written agreement or consent signed by the party to be bound thereby.

   c. Headings and Captions. Subject headings and captions are included for convenience purposes only and shall not affect the interpretation of this Agreement.

   d. Entire Agreement. This document constitutes the entire agreement of the parties and supersedes any and all other prior agreements, oral or written, with respect to the subject matter contained herein.

   e. Governing Law. This Agreement shall be governed by the laws of the State of Louisiana, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule, regulation or principle that would result in the application of any other state's law.

   f. Indemnification. Each Party agrees to indemnify the other for any and all costs incurred as a result of any breach of any representation, warranty or covenant set forth in this Agreement, including, without limitation, court costs and reasonable attorneys' fees.

   g. Counterparts. This Agreement may be executed in several counterparts, each of which shall constitute an original, so that all of which taken together shall constitute one and the same instrument. Signatures transmitted by facsimile or electronic scan shall be considered as one and the same as an original signature.

   h. Expenses. Each party shall pay its own respective legal and other professional fees and other expenses incurred in connection with the matters addressed herein.

   i. Severability. In the event that any part of this Agreement shall be found to be illegal or in violation of public policy, or for any reason

1909556v.1

unenforceable at law, such finding shall not invalidate any other part hereof.

j.  <u>Jurisdiction</u>.  Should any disagreement arise out of the interpretation or enforcement of this Agreement, the Bankruptcy Court shall maintain jurisdiction over any disputes which arise between the Parties.

**IN WITNESS WHEREOF**, the undersigned execute this Agreement.

**CONTINENTAL TIRE THE AMERICAS**                          Dated: _____

By: _____

Name: _____

Its_____

**VEYANCE TECHNOLOGIES, INC.,**
**N/K/A CONTITECH USA, INC.**                              Dated: _____

By: _____

Name: _____

Its_____

**DWAYNE M. MURRAY, LIQUIDATING TRUSTEE**  Dated: _____
**FOR THE LIQUIDATING TRUST**

_____
Dwayne M. Murray, Liquidating Trustee

1909556v.1